Good morning, Your Honor, and may it please the Court. Abigail Pace, on behalf of Defendant Appellant K. Andre Wilson, and with me at Council Table is Mark Baker. I would like to reserve four minutes of my time, if I may, for rebuttal. We'll see how that works. It usually doesn't, but we'll try. I'll stay optimistic. The District Court here committed reversible error when it allowed a jury to consider Mr. Wilson's plea agreement and plea-related statements. This was legal error for two reasons. First, Mr. Wilson did not breach any promise that he wrote in the plea agreement with the  Second, the District Court did not expressly find that Mr. Wilson breached the plea agreement before the government was released from its obligations. Either of these errors merits reversal. I would welcome the Court's questions, but I'll start by addressing the breach. The government has identified two theories of breach in this case. The first is that Mr. Wilson breached the plea agreement because the plea was not completed. That is, that the Court rejected the plea. However, considering the record, what the District Court did was try to ascertain that there was a factual basis for Mr. Wilson's plea in accordance with Rule 11b-3. The District Court has a unique obligation to discern that there is a factual basis to protect criminal defendants, that is, to make sure that what they have pled to is actually a crime. When there is a dissonance between what the criminal defendant describes and the elements of the crime, the District Court has the discretion to reject that plea. However, when it does so, everybody goes back to square one. That is, the plea agreement either needs to be drafted again, or the government may proceed to trial without the benefit of the plea-related statements. Could the District Court have simply relied on the factual basis that was included within the plea agreement? It could, Your Honor. And left it? Accepted the plea on that? Yes, Judge Phillips. This Court has stated in United States v. Kern that the defendant does not have the responsibility to allocute in open court, and that the District Court may rely on, quote, anything in the record to determine the factual basis. Here, there was a pre-sentence report, and there had been a preliminary hearing with a finding of probable cause, and the District Court could have relied on that or, in addition, statements from counsel, including government counsel, to determine that there was a factual basis. Now, we're not saying that the District Court made an error in that regard, but that helps explain why Mr. Wilson's statements at the plea colloquy do not constitute breach. In addition, when we look at the language of the plea agreement in this case, Mr. Wilson did not make a promise to allocute or to personally provide the factual basis. Instead, he promised to plead, and in his writing, did plead, that he was guilty of the five elements of conspiracy. He reiterated that at the plea colloquy, and when asked by the government, agreed again that he agreed to each of those elements. There is no other element that he promised that he didn't fulfill at the plea colloquy. Instead, when the District Court fulfilled its independent role to determine whether there was a factual basis, it rejected the plea, which the District Court has discretion to do. So, counsel, once that happened, and we fast forward on the eve of trial, the government files a motion in limine regarding this plea colloquy. My reading of the record is that the defendant didn't respond to that motion in limine. How was the District Court on notice that there was a factual dispute as to breach? The District Court was on notice first because of what happened at the plea colloquy. There was a distinction there about what the defendant actually said, and the District Court, if you have to go to trial. Yeah, but that's about whether or not there's a factual basis to accept the plea. That's not whether or not the defendant has breached the terms of the plea agreement. Sure. So, at the motions in limine phase, you're correct, Judge Federico, that the government filed a motion for an express finding of breach, recognizing that there had been no finding on the record up to that point. That notified the District Court that there was an issue, and the District Court passed on it. According to United States v. Samuels, that's enough to preserve the issue for appeal. In addition, Mr. Wilson's counsel objected at the motions in limine phase, and because the exhibit was not pre-admitted, he objected again when the government sought to introduce the plea agreement through Agent Cooper. So there are three instances where it was drawn to the District Court's attention, and it was not resolved whether there was a breach. The exhibit was just admitted. Reading the transcript of the limine conference, there seems to be some reference to a chamber's discussion. Is there anything in the record that shows that there was an agreement by the parties as to the breach? There is not. The discussion in chambers was not recorded or transcribed, and there is a dispute over whether there was a finding of breach in that chamber's meeting. Who has the burden here? The judge, after the in-chambers conference, said, is there anything we need to put on the record? Words to that effect. Isn't that correct? That's correct. Nobody said anything. So there's no record, and the party who lost in District Court, I would think, would have had the burden to put on the record what the party wants to have now. Is that correct? I understand, Judge Hartz. The transcript says that after they came out of this chambers meeting that was not recorded, the District Court said, is there anything else I need to put on the record? The government, again, notified the District Court that it had not made an express finding of breach, and then it moved on to the discussion of admitting the plea agreement. That alone notifies the District Court that there was an issue that needed to be resolved, and the District Court passed on it. Again, the objection of Mr. Wilson's counsel preserves that for appeal, and the government has not argued here that the issue was not preserved. Judge Hartz? Let me ask you about the breach, because I'm more troubled by that than anyone else seems to be. I double-checked, and this opinion has been filed, but it was a recent opinion in our court in which the government agreed not to object to the sentencing at the low end or sentencing within the guideline range. The prosecutor said, we agree with that, but then proceeded to discuss the long criminal record of the defendant, which might encourage the judge to sentence above what the parties had agreed to. In the panel, on one panel, we expressed displeasure with that. That's acting in accordance, perhaps, with the letter of the agreement, but not acting consistently with the agreement. Isn't that exactly what we have here? The defendant says in his plea agreement, I did this, da-da-da-da, but then when asked by the judge whether he did those things, essentially said he didn't, denied it, said I didn't know what was going on, I was just there to smoke some pot or whatever it was. Why isn't that precedent, why doesn't that require rejecting the argument that he didn't breach the plea agreement in this case? It doesn't require that, Judge Hartz, for two reasons. First is the way that courts have traditionally read plea agreements, and that incorporates this defendant's reasonable understanding of the promises that they made. It's a semi-objective standard, and it looks to what this specific defendant, who's unsophisticated, has a little bit of college, new to the federal court system, would have understood those promises to mean. He maintained consistently that he was guilty, and he was present at the scene, knew something illegal happened, and got in the car and went the same direction. Why do you say he repeatedly said he was guilty by saying the plea agreement goes through the elements of the offense, does it not? Correct. So he says, I joined this, I knew what was going on, whatever the language was. And then when the judge asks questions about what he did, he denies those things. That's inconsistent with what he said in the plea agreement, is it not? No, it's not inconsistent, Judge Hartz, according to this defendant's understanding. And if we look to the case law in this circuit, United States v. Coyote and United States v. Anaya identify that presence at the scene, knowledge of illegal activity, and failure to extradite yourself from the situation is sufficient to sustain a conviction for drug conspiracy. And if that's sufficient to survive a jury verdict and appellate review, Mr. Wilson could reasonably have believed that being at the scene where illegal activity was taking place and participating enough, getting in the car where they asked him to go, and driving the same direction would be enough to be guilty on those elements. That's enough to sustain a verdict, but it's not the same as admitting the elements of the offense. A jury might convict on the evidence, probably would have in this case, but he denies that he had the state of mind necessary for the elements of the offense, did he not? I take your point, Your Honor. But Mr. Wilson was never asked if he was denying any of the elements. And when asked by the government, he reaffirmed after his narrative that he admitted that he knew and that he participated and that there was interdependence. And the judge had significant concerns about that. The judge had concerns because if that's not really a crime, the judge has the obligation to reject the plea. But the case law here goes to the reasonableness and how Mr. Wilson could reasonably have believed that that was enough to be guilty. And it's his belief that determines whether or not he breached the plea agreements in this case. Well, just one more question on this line. Sure. You say he understood that, but the plea agreement, he says, I knew what was going on and I was a willing participant in it. That's what he knew. How do you respond to that? I mean, you're saying what he knew was all I have to do is admit to these facts, you can find me guilty, which may be true. But then what he said in court contradicted what he said in the plea agreement. Do you agree with that? I agree that there is legal daylight between what he said and what the judge may have required for those elements. But in Mr. Wilson's mind, that would have been enough to convict him of guilty. And in his mind, he maintained consistently that he was guilty and wanted to plead guilty. If the judge rejected it in its discretion, or because there was a lack of factual basis, that is the district court's right. But it does not mean that Mr. Wilson breached because his intent was always to plead guilty. In addition, I think this goes to the second part of my argument discussing the need for a finding. Part of the reason that we have these procedural protections for criminal defendants is so that we can understand what the district court actually found to be a breach. Here, the district court asked about the five elements that he pled to, and the government again asked Mr. Wilson if he agreed to those elements. There's no evidence that the district court ever asked him which of those elements he disagreed with because he affirmed all of them. Counsel, what standard of review do you think we should employ here? In your brief, you mentioned abuse of discretion regarding the evidentiary questions, de novo, under Guzman, as to whether or not the procedures were accurate to determine breach and as to whether there was a breach. But then you also argue plein air. So which standard do you think is most appropriate and why? I notice that my time is running out, but I'd like to answer your question, Judge Federico. So the standard of review under Guzman is de novo, and the government has conceded that in their brief. Abusive discretion is appropriate for the evidentiary issue because the district court was on notice that this was going to be a problem and there was unresolved tension between the parties at the time that it was admitted. We argued plein air only in our opening brief, and there's a footnote in our reply brief where we say because the government hasn't addressed it, we're not pursuing that argument. Back to Guzman, what sort of a hearing is required? Is it evidentiary hearing? Guzman says if there are factual issues, they need to be resolved. At a hearing. At a hearing. What kind of a hearing? Ideally, it would be a hearing where both parties are heard, and if need be, they can present factual evidence or at least can identify what the district court finds to be a breach and discuss what element of the plea agreement has been discarded here. And the unreported by the court reporter hearing, qualified, doesn't qualify? It doesn't qualify under Guzman, not necessarily because of the hearing component, but because of the requirement for an express finding and the requirement that the finding precede the government's being relieved of its obligations. So if it went back to the district court, what should the district court be required to do? So the district court should hold a hearing and identify what the government has identified as a breach, and Mr. Wilson should have a chance to respond and clarify his position if there need be any, or if there's a factual issue as to which part of the agreement was breached or Mr. Wilson's reasonable understanding that could be clarified. In Guzman, I'm not sure it's the typical, but a common plea agreement is to cooperate, and then there may be factual issues regarding whether the defendant cooperated or not with the investigation. It's not clear to me what the facts are that are in dispute here. What he agreed to in the plea agreement is written. What he said at the time of the plea hearing is undisputed. There's a record of it. What fact findings are necessary? You say whether it's important to determine why the district court thought there was a breach, but that's not a fact question, that's a legal question, is it not? That's correct. But in this instance where Mr. Wilson provided a narrative and the district court rejected the plea agreement, it would be necessary to determine whether Mr. Wilson reasonably believed he rejected any of the agreements in the plea. If there are no further questions, I'd like to reserve 26 seconds for rebuttal. Good morning, and may it please the court. Judge Hartz, as you just indicated, this court has not been shy in acknowledging that the government may not pay lip service to an agreement. It may not refrain from doing what a plea agreement clearly contemplates it doing. By the same token, courts have acknowledged that plea agreements are two-way streets. They impose obligations on both parties, the government and the defendant. Which is why Mr. Wilson, who had signed a plea agreement in which he stated he would plead guilty to a very specific drug conspiracy, one that occurred on April 28, 2021, and one that specifically involved methamphetamine, breached that agreement when he appeared before Judge Russell in front of the district court and stated that he didn't know anything about any methamphetamine that day and didn't have any role in the conspiracy. Well, is that quite right? Because the petition for plea agreement, paragraph 48, provided the factual basis, a written factual basis, which is very general. It conspired with others to distribute a quantity and the statute is written under that. The defendant never backed off that. As the plea agreement was falling apart and the district court was dissatisfied with what the district court was hearing, the prosecutor stood up and read this exact language to the defendant and said, so do tell. And the defendant said, yes, I agree with all of that and continued to want to plead guilty. So the defendant did not back off a single word of what the defendant agreed to plead to in this paragraph. And it seems to me that the real problem here is you're dealing with a lay defendant who these terms conspiracy and distribute and so forth are not as familiar as they may be to us. And accordingly went into court saying, all I have to do is say this and I'll be guilty. And then came these other questions which were not anticipated by the defendant. And it all could be solved by the government in this case. In other words, I think the more sympathetic parties to the defendant because the government could have put in this paragraph all of the things that the district court questioned the defendant about. Did you beforehand, did you know that there was going to be methamphetamine transport? What was your role? You were driving which segments of this trip? And if those were all written in that paragraph and then the defendant backed off of that, I would completely understand your position. But when you write this kind of a general statement that the defendant sticks with at the plea hearing, it seems to me that's the government's fault rather than the defendant's if you could respond to that. Of course, Your Honor. Well, Judge Phillips, I certainly think that the government, there's no question the government could have put additional language into the plea agreements. I know many districts do do that. But that said, I respectfully disagree with the idea that he backed off or he did not back off what he had agreed to. Because yes, the plea petition indicated that he agreed to, he conspired to distribute controlled substances. But what we're looking to is what the plea agreement states. And the plea agreement, page two, 402 of volume one, says that he agrees that on April 28, 2021, in the Western District of Oklahoma, five elements of drug conspiracy. He agreed to violate federal drug laws, that he knew the essential objective, that he voluntarily involved himself, that there was interdependence, and that the conspiracy involved methamphetamine. Now, Judge Phillips, I take your point that a word like interdependence, a layman is not necessarily going to understand that. But I think the threshold question is, did Mr. Wilson understand that he was agreeing to violate a federal drug law involving methamphetamine? Because those are terms that are easy to understand. And while Mr. Wilson appears to be arguing on appeal that he did not understand those elements, the record tells a different story. I mean, he testified at trial and his counsel asked him, I believe over the government's objection, why did you plead guilty? And Mr. Wilson says, on page 369 of volume three of the record, that he was scared. He signed the agreement because he was scared. So there's nothing in there, Judge Phillips, to indicate that the reason he signed this plea agreement was somehow because he didn't understand, there's nothing to suggest that he signed the plea agreement and then when he appeared before Judge Russell, didn't understand that he was going to have to admit to a conspiracy involving methamphetamine. Well, he was scared of the charge and the charge was reduced, right? Correct. But again, I think if that is the only reason that Mr. Wilson is offering during his testimony, that is the only reason he's offering for why he signed the plea agreement. And why does that matter at all, what he testified to at trial? We're looking backwards to whether or not he breached a plea agreement. Isn't the most relevant inquiry, what he agreed to in the contract, which is the plea agreement, and what he said in open court at the change of plea hearing. And as Judge Phillips pointed out, the government, I'm going to assume here, drafted the plea agreement with the factual basis. He agreed to all the facts that were in the plea agreement. He reaffirmed those again at the hearing. It was the judge's dissatisfaction as to whether or not those facts met the elements and then further questioning. And then at that point, the government really says nothing other than to restate the facts of the plea agreement. So where's the breach? A couple points on that, Judge Federico. So the reason it matters is because Guzman asks us, the second prong is, what is the reasonable understanding at the time that the plea is entered? And if Mr. Wilson, now on appeal, is trying to say, well, I reasonably understood when I appeared before Judge Russell, or I guess I did not reasonably understand I was going to have to admit to a conspiracy involving methamphetamine. That is undercut by what happened at trial, where he's clearly saying that the reason he pled guilty was not because of some misunderstandings, because he was scared. Now, where's the breach? Well, the breach is because he didn't admit the elements of the offense. And if there's, I'd like to point the court to volume three, page 386 of the record. It's not referenced in our briefs, but I think it's very helpful. So this came at the tail end of Mr. Wilson's examination. Defense counsel got back up to do a re-direct examination, and the defense counsel was attempting to elicit from Mr. Wilson that he, the judge, did not, quote, accept the plea of guilty. We, of course, objected at trial on the basis that this would suggest, if the jury were to hear this, this would suggest that the court had prejudged the evidence, that it had refused to accept the guilty plea because it thought Mr. Wilson was innocent. And so there was this exchange outside the presence of the jury, but on the record, in which Judge Russell addressed the defense counsel what he would be permitted to state and ask Mr. Wilson. And what Judge Russell said is he turns to Mr. Wilson's counsel and says, what I'm going to allow you to do is say, after you refuse to admit the elements of the offense, after you refuse to admit the elements of the offense, the judge did not accept your guilty plea. And so why that matters is I think it really puts to bed this notion, Judge Hartz, as you pointed out, that there isn't a factual dispute here. It's obvious from the record that the district court found that there had been a breach. You have an instance of him on the record clearly stating that Mr. Wilson did not admit the elements of the offense. And why that matters, back to your point, Judge Phillips, is because page two of the plea agreement says that Mr. Wilson, quote, must admit and does admit all five elements of the offense. And so there clearly was a finding from Judge Russell that Mr. Wilson breached the elements of, excuse me, it breached the plea agreement. Well, back to the plea advisement and paragraph 48, which contains the factual basis, does that not contain all the elements of the offense? And I can read it to you if you want. It does, Your Honor. It would satisfy. It gives all of the elements of the offense. The plea is falling apart before everyone's eyes. Mr. Anderson, the ASA, stands up and asks the defendant about that, reads that language and says, do you recognize that statement? Defendant, yes, sir. Mr. Anderson, do you adopt that statement? This is as things are falling apart, to which the defendant responds, yes, sir. So he is acknowledging the elements. He's just not acknowledging them in the detail that are being asked because he's not prepared for that. He goes into court thinking, all right, I signed this factual basis and I'm going to stick with it and holds to his word. I think the record, particularly his cross-examination in which his attorney got out that he filled in that portion, probably undercuts that argument a little bit. What he agreed to do, I mean, the operative document here, Judge, is the plea agreement. Yes, paragraph 48 of the plea petition satisfied the elements of section 846 because it involved a controlled substance and there's a predicate act under 841. But what Mr. Wilson had agreed to do was not just plead to those basic elements of 846. He'd agreed to a specific drug conspiracy on April 28th that involved methamphetamine. And when he did not appear before the district court and admit those specific facts, he then is in breach of the plea agreement. Do you see the danger that I see? Here's the danger I see, is that defendants who are not particularly sophisticated in the drug world, many of them, and don't know a criminal code from Ernest Hemingway, come in, they signed this, their attorney says, here's what you need to do, writes it in there, and they say, okay, I'll do it. And now they are on the hook. They have waived in the plea agreement 410, asserting rights under Rule 410. And to the extent that something like this happens, unbeknownst to them that even can happen, dynamite is unleashed against them in that at their trial, it's going to be coming into evidence to the jury, he already admitted this. I don't know how you can have much more explosive evidence than that. And again, back to my point, this is all in the government's hands. The government can write out a much more complete, factual basis, and you say the plea agreement has these five elements, put it in there, lock it down, and then if he comes into court having signed that indeed he was going to do the Cheyenne to Des Moines leg of the trip to Chicago when he knew that the methamphetamine was in there, and then he says, well, no, I didn't know that, you got yourself a breach. But what you have right here is just a big question mark. James D. May. Well, as to your point about the danger, Judge Phillips, I mean, there's a reason that the plea petition includes several questions about whether you understand all the charges. There's a reason that Judge Russell, at the beginning of the plea hearing, asked Mr. Wilson whether he had the charging doc, he had my co-counsel, Matt Anderson, summarize the charge and the superseding information. Mr. Wilson said he understood the charge and the max punishment. In other words, Mr. Anderson didn't stand up and say you're guilty of a drug conspiracy involving controlled substances. He read the superseding information, which specifically referenced methamphetamine. And so Mr. Wilson, in response, says that he understands the charges, he'd answered the questions under oath, that he was pleading guilty voluntarily, that he wished to plead guilty. And so if there had been something at that moment where Mr. Wilson said, well, methamphetamine, I don't know anything about that, then I think he might have a stronger leg to stand on in terms of not understanding the purpose of that hearing and what he was going to plead guilty to. Was there a Guzman hearing? And if not, is that why you're asking for a remand? There was a hearing. Now, I guess it qualifies as a Guzman hearing because it would have been both parties had the opportunity to be heard. It happened in chambers, and we point out in our brief that there was clearly an in-chambers conference that took place. But the real reason, Judge Phelps, that we know that a Guzman hearing took place or just some type of hearing in which this was addressed is, of course, the reference to the in-chambers and the other motions that have been decided. Second, because when I stood up in opening and mentioned the plea agreement after having this in-chambers conference only moments before, there was no objection from defense counsel. Everybody at that point understood that the evidence was coming in. So is your position that the Guzman hearing happened in chambers off the record and not in a public hearing? And we can know that because you mentioned this evidence at opening statement and the defendant didn't object? Well, I think that that, Judge Federico, coupled with the fact that there was never an objection made from defendant at trial, the argument was never made that it couldn't come in because of— Did he say, Mr. Coyle say, Judge, I don't think it should come in at all when talking about the evidence of the plea offer? He did. And then he offered a standing—his specific objection was standing prejudicial, I believe. And again, so there was never an argument below that he did not make that Mr. Wilson did not breach the plea agreement because everybody understood that the judge had already found a breach. First in the in-chambers conference, and then in the—perhaps not as explicit as we would like, but the court did enter an order dismissing the superseding information for the reasons stated there in the government's motion. And the only reason granted or given was that Mr. Wilson had breached the plea agreement. So, Your Honors, I see I'm out of time. I've gone over. I've got some questions. I didn't want to interrupt their question. Did you want to pursue them? The way the question is going, it sounds like there's a moral issue in a contract breach, but aren't we supposed to interpret plea agreements according to contract law? Isn't that the underlying form of analysis? That is, Judge Hartz, yes. So, there may be some fault here, but it sounds like there was a misunderstanding. But the contracts required him to do something, and he didn't do it. And he may have good reasons. Maybe the prosecutor was a bad person. Maybe the defense attorney was lousy. That's not the issue here. There was a contract, and was it breached? Do you agree with that? I agree with that, Judge. Now, if it was just a misunderstanding about what he had to say, is there anything that kept defendant from then conferring with counsel for a while after this hearing and say, look, we know what he has to admit to. I've now done my job and explained the elements of the offense correctly, and he knows this is what he has to admit. Was there anything that kept him from going back to court? Would the prosecutor have opposed a plea later that day or the next day? Is there anything in the record to suggest that? There's not, Your Honor. And trust me, when the government offers a plea agreement to avoid a trial, we will do what we can to ensure that the plea agreement is fulfilled and that we avoid the trial. So there's nothing to indicate that that request was made. And again, back to what happened during trial, as far as the lack of any argument about there being a misunderstanding, a lack of any argument from Mr. Wilson's counsel about there having been a breach. I think that underscores the point that Mr. Wilson simply appeared before the district court, and he was not the first defendant to do this, and I'm sure he will not be the last, but he could not bring himself to admit that he was involved with a methamphetamine operation on April 28, 2021. When he testified at trial, trying to diminish the impact of what he said in the plea agreement, did he say he was misled by his attorney about what he had to plead to? Not at all, Your Honor. The only reason he gave for signing the plea agreement was that he was, quote, scared. That was it. I haven't said that the prosecutor is a bad person. He did a good job. Thank you, Your Honor. Thank you for the extra time. I want to address a couple of things mentioned by my friend on the other side. The first is that in the motion to dismiss the superseding indictment and the off-the-record chambers conference, there's a dispute on whether or not a breach was actually found, but any finding would have been implicit and would not meet the requirements of Guzman. I also want to mention briefly. What is the fact finding involved? What is the factual dispute? The first. There's a decision as to whether there was a breach, but what were the facts that the underlying historical facts that you're saying that the district court had to find to justify the decision? The first thing that the district court needed to find was which provision of the plea agreement was breached. The government has argued that the failure of a plea to go through or the failure to be accepted is breach. That would make the defendant a guarantor of the agreement, which is not how the agreements are traditionally read. So that's the first fact that this court would need to find. In addition, the district court would need to actually acknowledge whether Mr. Wilson reasonably believed that he breached the plea agreement, and that would require some fact finding into his mental state as well. Now, why is it, why is his reasonable belief? Okay, never mind. So whether he reasonably believed that he had to, well, did it have to do with his reasonable understanding of what he was admitting? Yes. When he said, I participated in a methamphetamine conspiracy, what's the question in his mind that he doesn't really have to do that? You mentioned, Judge Hartz, that breach, that plea agreements, excuse me, are creatures of contract, but they're not pure textual arguments. They are interpreted according to this defendant's reasonable understanding of the promises he made, and that's why his reasonable belief is a factual issue that would need to be resolved by the district court if it did indeed find breach. Okay, so the test you say is subjective. It's his reasonable understanding. It's semi-objective, yes. So there are two components, whether it would be reasonable for him to think this, and whether he in fact thought that. Is that your understanding? That's correct, and that's why I mentioned the Coyote and Anaya cases, to show that his belief and his statements here were reasonable. I briefly want to mention remand. Remand here is not appropriate under Rule 10e3 of the Federal Rules of Appellate Procedure. When the form and content of the district court's opinion is at issue, it is a decision to be made by the Court of Appeals. In addition, because the standard of review is de novo, everything on the record is available to this court. And finally, I just want to point out the harm to criminal defendants, I see I'm out of time, in a position like Mr. Wilson. Mr. Wilson believed he was guilty and tried to plead guilty, was told by the court that what he did was not in fact a crime, and then his plea agreement, which was signed in his own signature, was brought before a jury, and it included all five of the elements that the jury was tasked with finding. Rule 11 protects criminal defendants from situations such as this, and I respectfully request that the court reverse. Thank you. Thank you, Counselor. Case is submitted. Counselor, excused if you're not.